RDUFRESNE, Judge.
This is an appeal by Cindy Autin, plaintiff-appellant, from a summary judgment dismissing National Security Fire and Casualty Company, her automobile liability insurer, from this action. The basis of the dismissal was a determination by the trial judge that the waiver of uninsured motorists coverage signed by plaintiff when she purchased the policy was valid. For the following reasons, we affirm that judgment.
Plaintiff was in an accident with two other drivers, and sued both and their insurers. She then amended her petition to name National Security, her own insurer, as her UM carrier. National Security denied such coverage, moved for summary judgment and produced in support of its motion a UM waiver form signed by plaintiff. The language of that form is as follows:
UNINSURED MOTORISTS PROTECTION-COVERAGE SELECTION
Louisiana law requires that all automobile liability policies issued or delivered in this state shall afford Uninsured Motorists Coverage unless the insured shall reject such coverage.
I HAVE BEEN OFFERED and I hereby REJECT Uninsured Motorists Bodily Injury coverage.
SIGNATURE OF APPLICANT [signed by Cindy Autin]
laThe policy at issue provided the minimum $10,000.00, bodily injury liability coverage. Also appearing on the form under Coverage Information were lines showing the amount of coverage and the premium for the policy. The lines dealing with UM coverage contain the notation “Not Incl.” and these spaces were initialed by plaintiff.
In Daigle v. Authement, 96-1662 (La.4/8/97), 691 So.2d 1213, the court held that a waiver form containing language identical to that quoted above was facially valid where the underlying policy was for the minimal amount of bodily injury liability coverage required by law, and thus where there was no possibility of the insured selecting an amount of UM coverage lower than that minimum coverage, as per La. R.S. 22:1406 D(l)(a)(i). Plaintiff admits here that pursuant to the above case there is no question that the form is facially valid. She argues, however, that dicta in that case indicate that a facially valid form may nonetheless be rendered void in certain circumstances. The pertinent quote from the case upon which she relies is that “[t]he insured does not claim that she did not understand the form when she signed it or that she was misled in any way.” (At 1215).
*258 In her opposition to National Security’s motion for summary judgment she attached her affidavit wherein she states that 1) the insurance agent told her that Louisiana does not require UM coverage and that most people do not buy it, 2) the agent did not explain to her the concept of UM coverage, and 3) she only signed and initialed the form where she was told to do so. She contends here that her lack of | understanding of how UM coverage operates is sufficient to bring her within the asserted exception in Daigle, supra, concerning misunderstanding as to the UM waiver form. We disagree.
Assuming that the above quotation from Daigle, supra, is an expression of the law, it still does not support plaintiffs position that the waiver is invalid. In her affidavit she does not allege that she was misled nor does she assert that she did not. understand the form itself. Neither does she contend that she did not understand that she was rejecting UM coverage when she signed and initialed the form. Her assertion is, rather, that she did not understand the concept of UM coverage. If that were true, it was incumbent upon her to question the agent further. Instead, she signed a document in which on its face was a clear rejection of such coverage. In these circumstances, we can only conclude that the waiver was valid, and that no UM coverage was provided in the policy. We therefore affirm the summary judgment entered by the trial judge in the insurers favor.

AFFIRMED.